**NOT FOR PUBLICATION**

FILED

OCT 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10475 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:15-cr-00069-JCM-NJK-1 |
| JIANGUO HAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 17, 2018[**]
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,[***] Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Jianguo Han ("Han") appeals his convictions for conspiracy to manufacture, and manufacture of, more than 100 marijuana plants, claiming insufficient evidence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Police seized 908 marijuana plants from inside two residential properties, both owned by Han's wife. Drawing all reasonable inferences in favor of the government, *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000), the evidence presented at trial showed that Han, along with another man, unloaded "grow lights" from a U-Haul truck at one of the properties. Additionally, Han was apprehended attempting to flee the neighborhood surrounding that property while smelling of cultivated marijuana and driving a van that was carrying several "bundles" of potting soil. Han had previously been seen parking the van at the property on a regular basis. Further, Han's son told police that he had helped his father cultivate marijuana at the second property from which marijuana plants were seized. Given this evidence, a "rational trier of fact could have found the essential elements of"

---

[1] Han failed to preserve his sufficiency of the evidence claim. Accordingly, we review for plain error to determine whether "'*any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt.'" *United States v. Phillips*, 704 F.3d 754, 763 (9th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

conspiracy to manufacture, and manufacture of, more than 100 marijuana plants "beyond a reasonable doubt." *See Phillips*, 704 F.3d at 763.

**AFFIRMED.**

3